UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION                               JS-6

| | |
|---|---|
| Morgan Picks-1, LLC,<br><br>           Plaintiff,<br><br>v.<br><br>Merrilee Sweeney et al.,<br><br>           Defendants. | ED16CV00017VAP (SPx)<br><br>**ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO** |

On December 10, 2015, Plaintiff Morgan Picks-1 ("Plaintiff") filed a Complaint in the Superior Court of California, County of San Bernardino for Unlawful Detainer against Defendants Douglas M. Sweeney Jr. and Merrilee Sweeney.  (Complaint (Exhibit A to Notice of Removal) (Doc. 1).)  On January 6, 2016, Defendant Merrilee Sweeney, appearing pro se, removed the action to this Court on the basis of federal question jurisdiction, alleging, among other things, violations of the federal securities laws.  (See Notice of Removal (Doc. 1) ¶ 2.)

Removal jurisdiction is governed by statute.  See 28 U.S.C. § 1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law.  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal

jurisdiction is apparent on the face of the complaint).  Further, "Defendant cannot create federal subject matter jurisdiction by adding [her] claims" under the federal securities laws and the Constitution.  See Federal Nat. Mortg. Ass'n v. Enshiwat, No. CV 12-631 CAS (CWx), 2012 WL 683106, at *1 (C.D. Cal. Mar. 2, 2012).  As "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction," the Court will remand this action.  See Cooper v. Washington Mut. Bank, 2003 WL 1563999, No. C03-554 VRW, at *2 (N.D. Cal. Mar. 19, 2003).

Accordingly, the Court REMANDS this matter to the Superior Court of California, County of San Bernardino.

**IT IS SO ORDERED.**

Dated:     3/3/16

Virginia A. Phillips
United States District Judge